UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN SANDOVAL-COTA,<br><br>             Defendant-Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>             Respondent. | CASE NO. 09-CV-0820 W<br>           07-CR-3219 W<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS [DOC. 24]** |

On April 20, 2009, Petitioner Ruben Sandoval-Cota, a federal prisoner proceeding *pro se*, commenced this habeas corpus proceeding pursuant to 28 U.S.C. § 2255. Respondent United States of America opposes. The Court decides the matter on the papers submitted and without oral argument. *See* Civil Local Rule 7.1 (d.1). For the reasons stated below, the Court **DENIES** the petition.

I.    BACKGROUND

Petitioner was arrested on or about October 30, 2007 and a complaint was filed on November 1, 2007. The complaint charged Petitioner with violation of 21 U.S.C. § 841(a)(1) (possession with intent to distribute). (*Compl.* [Doc. 1], 1:17-19.)

On March 3, 2008, Petitioner pled guilty to one count of knowingly and intentionally possessing, with intent to distribute, 100 kilograms and more, to wit:

approximately 421.80 kilograms (929.90 pounds) of marijuana, a Schedule I Controlled Substance, in violation of 21 U.S.C. § 841(a)(1). (*Plea Agree.* [Doc. 17], 2:1-7.) In the plea agreement, the parties agreed that the Sentencing Guidelines should be computed to result in an adjusted offense level of 19. (*Id.,* 5:25-6:3.) The parties also agreed that the Petitioner would not request additional downward adjustments and that the Government would oppose any downward adjustment not set forth in the Sentencing Guideline Calculations. (*Id.*, 6:19-21.) The parties further agreed that the Government would oppose any requests by the Petitioner for additional downward departures not set forth in the Sentencing Guideline Calculations (*Id.*, 7:1-6), and that Petitioner should receive a mandatory minimum of 5 years in prison (if the Petitioner did not qualify for safety valve relief pursuant to USSG §§ 2D1.1(b)(6) and 5C1.2) (*Id.*, 3:5).

On August 19, 2008, Petitioner's sentencing hearing was held and Petitioner was sentenced in accordance with the Plea Agreement. This Court sentenced Petitioner to 30 months imprisonment followed by 4 years of supervised release. (*Judgment* [Doc. 23], 2-3.)

On April 20, 2009, Petitioner commenced the present section 2255 proceedings. Respondent filed an opposition. To date, Petitioner has not filed a response.

## II.   DISCUSSION

Petitioner requests a reduction in his sentence because his status as a deportable alien renders him ineligible for housing in a minimum security facility or community correctional facility. Respondent contends that in addition to the fact that Petitioner's habeas request lacks merit, Petitioner entered into a Plea Agreement and waived his right to challenge his sentence. The Court agrees.

Petitioner waived his right to collaterally attack his sentence in the Plea Agreement. Courts have repeatedly upheld the validity of appeal waivers finding that "public policy strongly supports plea agreements." United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990); see also Brady v. United States, 397 U.S. 742, 752

n. 10 (1970); <u>United States v. Wiggins</u>, 905 F.2d 51, 53 (4th Cir. 1990). Courts will enforce a Petitioner's appeal waiver if (1) the waiver is knowingly and voluntarily made; and (2) the waiver, by its terms, waives the right to appeal. <u>United States v. Nunez</u>, 223 F.3d 956, 958 (9th Cir. 2000).

First, a valid waiver requires that the Petitioner agreed to its terms knowingly and voluntarily. <u>See</u> <u>id</u>. A reviewing court looks to the circumstances that surround the Plea Agreement's signing and entry to determine whether a defendant agreed to its terms knowingly and voluntarily. <u>See</u> <u>United States v. Baramdyka</u>, 95 F.3d 840, 843 (9th Cir. 2000).

In the present case, Petitioner entered into the Plea Agreement with his attorney's advice and consent. (*Plea Agree.*, 4:8-9.) Petitioner represented that his plea was knowing and voluntary. (*Id.*, 4:5-14, 9:5-8.) Thus, the Court concludes that Petitioner knowingly and voluntarily agreed to waive his right to appeal or collaterally attack his sentence.

Second, a valid waiver must also explicitly state that Petitioner is waiving his right to appeal. <u>See</u> <u>Nunez</u>, 223 F.3d at 958. A reviewing court applies contract principles, including the parole evidence rule. <u>See</u> <u>United States v. Ajugwo</u>, 82 F.3d 925, 928 (9th Cir. 1996). Under the parole evidence rule, a court enforces the contract's plain language and does not look to "extrinsic evidence. . . to interpret. . . the terms of an unambiguous written instrument." <u>Wilson v. Arlington Co. v. Prudential Ins. Co. Of Am.</u>, 912 F.2d 366, 370 (9th Cir. 1990).

Here, the Plea Agreement explicitly states, in relevant part:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the court imposes a custodial sentence greater than the higher of the guideline range recommended by the Government pursuant to this plea agreement at the time of sentencing or statutory mandatory minimum term, if applicable. If the custodial sentence is greater than the high end of that range, the defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If the

defendant believes the Government's recommendation is not in accord with this agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

(*Plea Agree.*, 8:3-11.) Thus, Petitioner agreed to waive collateral attack so long as the Court did not impose a sentence longer than the high end of the offense level recommended by the Government. Because Petitioner's sentence of 30 months imprisonment followed by 4 years of supervised release did not exceed the high end of the recommended offense level, the terms of his Plea Agreement bar this collateral attack. The Court is, therefore, prevented from granting the habeas relief requested herein.

## III.   CONCLUSION AND ORDER

In light of the foregoing, the Court **DENIES** Petitioner's petition for writ of habeas corpus. [Doc. 24.] The Clerk of the Court shall close the district court file.

**IT IS SO ORDERED.**

DATED: January 13, 2011

_____
Hon. Thomas J. Whelan
United States District Judge